Per Curiam.

It has been repeatedly decided in this Commonwealth, that by force of the statutes commonly called the mill acts, an action on the case will not lie for damage done to the land of another, by flowing, when it is occasioned by the erection and use of a mill dam, and that the only remedy is by the statute.[1]
Here it appears that the flowing complained of was occasioned by a dam upon which a mill was in operation till May 1830, that "the mill stood till October following, when it was removed, and that the dam continued till June 1831, when the action was commenced.
We think the rule of damages was sufficiently favorable to the plaintiff, in permitting him to recover damages, for the whole period, after the mill had ceased to operate. Had it been carried to a period anterior to that time, it would have been directly opposed to the series of decisions on the mill acts above alluded to. We think also, that the direction was
*564 right upon the other point; that as the mill was never repaired after it ceased to operate in May 1830, and was afterwards removed and not replaced, the dam was properly considered as having ceased to be a mill dam under the protection of the mill acts, from that time.[1]

Judgment on the verdict.

 Rev. Stat. c. 116, § 30; Baird v. Wells, 22 Pick. 312.

 See Fiske v. Framingham Menuf. Co. ante, 68.